UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14185-CV-ROSENBERG
MAGISTRATE JUDGE REID

TERRANCE T. SPIVEY,

    Petitioner,

v.

MARK S. INCH,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE RECOMMENDING DISMISSAL OF HABEAS CORPUS PETITION AS DUPLICATIVE

### I. Introduction

Petitioner, **Terrance T. Spivey,** filed this *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions and sentences for first degree murder and related offenses entered following a jury verdict in **Okeechobee County Circuit Court Case No. 472014CF000477CFBX.**

This case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b), and S.D. Fla. Admin. Order 2019-2.

### II. Discussion

#### A. First Federal Habeas Corpus Proceeding - 19-14458-CV-Marra

Briefly, in December 2019, Petitioner filed an initial federal habeas corpus petition in this Court, assigned **Case No. 19-14485-CV-Marra.** [19CV14485 ECF No. 1]. The petition in that case was denied on the merits on August 14, 2020. [19CV14485 ECF No. 14]. In this case, before

his older petition was denied, Petitioner filed an identical federal habeas corpus petition in 2020, opened as a new case with this court.

## B. Applicable Law

It is well-established that "[a]s between federal district courts, … the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). "Federal courts 'are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court.'" *Georgia ex. rel. Olens v. McCarthy,* 833 F.3d 1317, 1321 (11th Cir. 2016) (quoting *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1551-52 (11th Cir. 1986)). Although there is no "precise test" for determining if litigation is duplicative, "the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." Id. Under the "first-filed" rule, where there is duplicative litigation, "the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.,* 713 F.3d 71, 78 (11th Cir. 2013); *Merrill Lynch, Pierce, Fenner & Smith v. Haydu,* 675 F.2d 1169, 1174 (11th Cir.1982) ("In absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case.").

## C. Analysis

As applied, both cases above involve identical petitions, raise the same grounds for relief, and the 2019 case was filed prior to this action. Thus, judicial economy and the interests of justice dictate that this case be dismissed as duplicative of the lowered numbered case. To the extent that the Petition contains any different claims not contained within the previous case, those claims would be barred as unauthorized successive claims, which the Court lacks jurisdiction to hear. *See Gonzalez v. Sec'y. for the Dep't. of Corr.*, 366 F.3d 1253, 1297-98 (11th Cir. 2004); *see also* Rules Governing § 2254 Proceedings, R. 9.

### III. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his § 2254 habeas corpus petition has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See Harbison v. Bell,* 556 U.S. 180, 183 (2009) (citing *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000); *Wilkinson v. Dotson,* 544 U.S. 74, 78-83 (2005)). This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected Petitioner's constitutional claims on the merits, Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack,* 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, Petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record as a whole, this Court should deny a certificate of appealability. Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

### IV. Recommendations

Based upon the foregoing, it is recommended that:

1. This case be **DISMISSED** as duplicative of Case No. 20-14185-CV-Marra;

2. That no Certificate of Appealability issue; and,

3. The case be **CLOSED** by the Clerk of Court.

Objections to this report may be filed with the district court within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *see also Williams v. McNeil,* 557 F.3d 1287,

1291 (11th Cir. 2009) (finding district court has discretion to decline consideration of arguments not presented to the magistrate judge in the first instance).

**SIGNED** this 5th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Terrance T. Spivey, *Pro Se*
      DC#K83705
      Wakulla Correctional Institution
      Inmate Mail/Parcels
      110 Melaleuca Drive
      Crawfordville, FL  32327

      Noticing 2254 SAG Broward and North
      Email: CrimAppWPB@MyFloridaLegal.com